Per Curiam.

These are appeals, (1) by the defendant-appellant James Cobb from a judgment entered against him in favor of the plaintiff-respondent Harriet Schloupt for $25,125, and from an order denying a motion for a new trial; (2) by the-plaintiff-appellant James Cobb from a judgment of no cause of action in favor of the defendant-respondent Clement Schloupt, and from an order denying a motion for a new trial. There was also a third action tried together with the foregoing cases, in which Clement Schloupt was the plaintiff and in which a verdict of no cause of action was found against him. No appeal, however, was taken from the judgment entered in that case.
These actions arose out of an automobile collision which occurred in the county of Albany on a public highway known as the Schenectady-Troy highway. One of the automobiles was owned and operated by Clement Schloupt, and he was accompanied by his wife, the plaintiff-respondent Harriet Schloupt. The other car was owned and operated by James Cobb, defendant-appellant in one action and the plaintiff-appellant in the other. The Schloupt car was proceeding in an easterly direction toward the city of Troy, and the Cobb car was being driven in the opposite direction.
The accident happened on February 18, 1944, and in some places there was snow, slush and ice on the highway. Both Mr. and Mrs. Schloupt testified that their car skidded but did not leave its own side of the road. There is no testimony that the Cobb car skidded. There was a sharp issue of fact as to which side of the highway the collision took place, each driver claiming that it happened on his side. It is obvious from the verdicts that the jury found both drivers negligent.
So far as the testimony is concerned the cases were tried without notable exceptions and the issues were presented fairly in the main charge of the court. At the conclusion of the main charge the court was requested by counsel for Cobb to charge as follows: “ Mr. Lanphier: I ask you to further charge that if the skidding of the automobile on the part of Schloupt was the sole proximate cause of this accident that they then must find a verdict of no cause of action for Harriet Schloupt.
‘ ‘ The Court: No, I decline to charge that unless they find that the skidding of the automobile was due to a negligent act on the part of Mr. Schloupt.
“ Mr. Lanphier: Exception.
“ The Courts You may have an exception.
*420 “ Mr. Lanphier: I ask the Court then to charge that if they find that the skidding was the sole cause of the accident and Cobb was free from negligence that they must find a verdict of no cause of action for Harriet Schloupt.
“ The Court: I decline to charge in that language or otherwise than I have already charged. ’ ’
The failure of the trial judge to charge the second request may • be justified on the ground that he merely declined to adopt the language of counsel, and to use language other than he had already used in his main charge. But this cannot be said of the first request. Evidently the court inadvertently failed to apprehend the significance of this request. If the accident was caused solely by the skidding of the Schloupt car, whether or 'not that was a result of negligence on the part of Schloupt, it was a cause for which, of course, Cobb, the driver of the other car, could not be held responsible. Moreover it embraced ■ clearly and by implication that no act or omission on the part ¡of Cobb caused the accident. The request was proper and the failure to charge it was error.
In view of the closely contested issue as to negligence, and the fact that this request and the comment of the court thereon constituted almost the last statement on the subject of skidding presented to the jury, we think the refusal to charge as requested, except with the qualification added by the trial justice, was reversible error. And we cannot say that it did not influence the verdicts of the jury.
The judgments and orders appealed from should be reversed and a new trial directed in each case, with costs to abide the event.
Hill, P. J., Heppernan, Brewster, Poster and Lawrence, JJ., concur.
Judgments and orders reversed, on the law,' and a new trial directed in each case, with costs to abide the event.